*1250 OPINION.
Teussell:
As to the first issue the Commissioner in his answer admitted that Tabb’s debt to petitioner amounted to $70,914.97 on August 20,1920, and that the said debt was charged off by petitioner *1251 on that date. The only question remaining for solution is one of fact, namely, did petitioner ascertain Tabb’s debt to be»worthless during the fiscal year ending August 31, 1920 ?
In June, 1920, toward the end of the potato year 1919-1920, the officers and'directors of petitioner went into the matter of Tabb’s financial condition and found that Tabb had practically no property and could not pay his debts. Upon their sound business judgment petitioner’s officers and directors concluded that Tabb’s debt was worthless, that it should not be carried on the books as an asset, and that the whole debt should be charged to .profit and loss. Accordingly, on August 20, 1920, Tabb’s debt was charged off, together with other debts ascertained to be worthless. The Commissioner claims that due to the fact that petitioner continued its business relations with Tabb until 1922, it could not ascertain the debt to be worthless until that year. We do not agree with the Commissioner. Prior to about June or July, 1920, Tabb and petitioner had been engaged in a business venture with profits and losses to be divided equally. That venture was terminated in or about June or July, 1920, after Tabb had breached his contract and petitioner had sustained all the losses. Petitioner took Tabb’s notes merely as evidence of the indebtedness. Subsequent to August, 1920, until 1922, petitioner employed Tabb merely as its agent to look after its property in Idaho, and if it had any hope of recovering any portion of Tabb’s debt, such hope was very remote.
Upon the facts in this record we may reach only one conclusion of fact and that is that petitioner actually ascertained Tabb’s debt to . be worthless during the fiscal year ending August 31, 1920,. the year in which it was charged off. In addition to any bad debt deductions already allowed by the Commissioner, petitioner is entitled to a deduction in the amount of $70,914.97, as a bad debt under the provisions of section 234 (a) (5) of the Revenue Act of 1918.
The second issue presented in this proceeding involves the question of whether petitioner is entitled to the deduction of ten-twelfths of its net loss sustained from the operation of its business regularly carried on for its fiscal year ending August 31, 1919, in computing its net income for the fiscal year ending August 31, 1920, within the meaning of section 204 (b) of the Revenue Act of 1918, which provides:
If for any taxable year beginning after October 31, 1918, and, ending prior to January 1, 19S0, * * * any taxpayer has sustained a net loss, the amount of such net loss shall * * * be deducted from the net income of the taxpayer for the preceding taxable year; * * * If such net loss is in excess of the net income for such preceding taxable year, the. amount of such excess shall * * * be allowed as a deduction in computing the net income for the succeeding taxable year. (Italics ours.)
*1252 The relief provisions of section 204 of the Revenue Act of 1918 are emergency provisions inserted in that Act by Congress for the purpose of caring for a period of deflation following the sudden termination of the World War. Congress specifically limited that relief to the period of time which it thought would be the transition period, namely, “ beginning after October 31, 1918, and ending prior to January 1, 1920.” That designated period of time was intended to care for the calendar year 1919, and also any fiscal year beginning and ending within said fourteen months’ period, and it is clear that the relief granted by section 204 of the 1918 Act may be extended only to those taxpayers whose taxable year 1919 falls within the designated period. The opinion of the Board in Butler's Warehouses, Inc., 1 B. T. A., 851, contains quotations from the Congressional Record showing the intent of Congress in enacting section 204 of the Revenue Act of 1918. The provisions of section 204 of the Revenue Act of 1921, have no application in the construction of section 204 of the Revenue Act of 1918. Auburn & Alton Coal Co., v. United States, 61 Ct. Cls. 438.
This petitioner’s fiscal year 1919 began September 1, 1918, prior to the period designated by the special relief provisions of section 204 of the 1918 Act. The petitioner sustained a net loss for a twelve months’ taxable year which falls without the definite designated period “beginning after October 31, 1918, and ending prior to January 1, 1920,” as provided in the said section 204 (b), and we are of the opinion that petitioner is not entitled to relief under that section. There is no provision in the Revenue Act for the proration of a loss over segregated portions of an accounting period as this petitioner has attempted to do.

Judgment mil be entered upon W days' notice, pursuant to Rule 50.